IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LINDA C. LARA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-12-1249-L |
| ) | |
| CAROLYN W. COLVIN, ) | |
| Acting Commissioner of Social ) | |
| Security Administration, ) | |
| ) | |
| Defendant. ) | |

# **O R D E R**

On November 26, 2013, Magistrate Judge Suzanne Mitchell entered a Report and Recommendation in this action brought by plaintiff Linda C. Lara pursuant to 42 U.S.C. §405(g) for judicial review of the defendant Commissioner of the Social Security Administration's (Commissioner's) final decision denying plaintiff's application for supplemental income payments under the Social Security Act. The Magistrate Judge recommended that the Commissioner's decision be affirmed.

The court file reflects that plaintiff timely filed her Objections to the Magistrate Judge's Report and Recommendation, which the court has carefully considered. Plaintiff argues first that the Administrative Law Judge (ALJ) erroneously ignored and rejected the opinion of Dr. Varghese, the state agency doctor who reviewed Ms. Lara's medical record. Second, plaintiff argues that the ALJ's credibility analysis was legally erroneous and not based on substantial

evidence. Upon review, the court finds that plaintiff's objections are insufficient to justify overturning the conclusions of the Magistrate Judge in this matter.

As noted in the Report and Recommendation as it relates to the ALJ's consideration of Dr. Varghese's opinion, the ALJ did not include a separate limitation for relating to supervisors and peers on a superficial basis, nor did he explain why he did not include the limitation. The court finds that the Magistrate Judge properly applied a harmless error analysis to this situation, finding that "because the ALJ would not have found that Plaintiff is disabled based on her ability to perform the job of unskilled Housekeeper even if he *had* included a limitation that she could only relate to supervisor and peers superficially, any error was harmless." Report and Recommendation, p. 10, *citing* Allen v. Barnhart, 357 F.3d 1140, 1145 (10th Cir. 2004). Thus, the court agrees with the Magistrate Judge that the alleged error, *i.e.*, the ALJ's "improper disregard" for Dr. Varghese's opinion, is not reversible.

Regarding the ALJ's credibility analysis, the Magistrate Judge found that the ALJ discussed plaintiff's testimony and the record regarding her physical and mental abilities and limitations, pain, daily activities, and medical treatment. Report and Recommendation, pp. 13-14. The court finds that the Magistrate Judge correctly determined that the ALJ sufficiently linked his evaluation of plaintiff's credibility to the substantial record evidence. Therefore, upon review,

the court rejects plaintiff's argument that the Magistrate Judge has engaged in an impermissible *post hoc* justification of the ALJ's decision.

Thus, upon *de novo* review, the court finds that the the Report and Recommendation should be and is hereby adopted in its entirety. Accordingly, the decision of the Commissioner to deny plaintiff's application for supplemental income payments is **AFFIRMED.**

It is so ordered this 6th day of January, 2014.

/s/ Tim Leonard
TIM LEONARD
United States District Judge